**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CORY P. DIX et al.,**

                **Plaintiffs,**

                **v.**

**KATHLEEN A. PETERS et al.,**

                **Defendants.**
_____

    **5:19-cv-1199**
    **(GLS/ATB)**

## SUMMARY ORDER

Plaintiffs Cory P. Dix (hereinafter "C. Dix") and Ruby E. Dix (hereinafter "R. Dix") commenced this action against defendants Kathleen A. Peters, United Services Automobile Association (USAA), and Auto-Owners Insurance Company, claiming injuries arising out of a two-car automobile accident in which C. Dix and Peters were driving the involved vehicles. (Compl., Dkt. No. 1.) Pending are defendants' motions to dismiss. (Dkt. Nos. 10, 14, 18.) For the following reasons, USAA's motion, brought pursuant to Fed. R. Civ. P. 12(b)(1), is granted, Peters' and Auto-Owners' motions are denied, and plaintiffs' complaint is dismissed.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d

110, 113 (2d Cir. 2000) (citation omitted). Where jurisdictional facts are disputed, the court has the power and obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. *See id.*; *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citation omitted). "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted).

Plaintiffs assert that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 9.) For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and the dispute must be between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; [or] (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). The party seeking to invoke diversity jurisdiction

"bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (citations omitted).

Plaintiffs allege that diversity of citizenship exists between plaintiffs, residents of Virginia, (Compl. ¶¶ 1-2), Peters, a resident of New York, (*id.* ¶ 3), Auto-Owners, a corporation organized in Michigan, with its principal place of business in Michigan, (*id.* ¶ 5), and USAA, "a corporation organized and existing under the laws of the State of Texas, qualified and registered to do business in the States of New York, Virginia and Texas, with a principal place of business [in] Texas," (*id.* ¶ 4).

USAA argues that the court lacks subject matter jurisdiction because the parties are not diverse. (Dkt. No. 18, Attach. 5 at 3-5.) Specifically, USAA maintains that, because it is a "reciprocal interinsurance exchange," it is "considered to be an unincorporated association, and as such to have the citizenship of its members for diversity purposes." (*Id.* at 4.) Plaintiffs have offered nothing to refute USAA's argument, and, instead, assert that the court has jurisdiction because USAA "has failed to come forward with sufficient evidence or argument to controvert [p]laintiffs' jurisdictional allegations." (Dkt. No. 19 at 10.)

3

The Second Circuit, in treating USAA as an unincorporated association for diversity jurisdictional purposes, has explained that "unincorporated associations have long been considered to be citizens of each and every state in which the association has members." *Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 395 (2d Cir. 1974). Accordingly, "if the unincorporated association party to a lawsuit has any member whose state citizenship coincides with the state citizenship of any of the opposing parties in the lawsuit, a federal district court has no diversity jurisdiction." *Id.* (citation omitted).

Here, USAA has submitted the affidavit of Nancy Reinhard, Vice President, Corporate Controller of USAA, which states that USAA is a "reciprocal interinsurance exchange" and "is not a corporation" but, rather, an "unincorporated association," with "members who are citizens of, and reside in, all fifty (50) states . . . including Virginia." (Dkt. No. 18, Attach. 4.) As such, the inclusion of USAA as a defendant in this action defeats diversity jurisdiction, and plaintiffs' complaint must be dismissed. *See Bitinas v. Roback*, No. 3:04CV576, 2005 WL 327137, at *1 (D. Conn. Feb. 10, 2005) (dismissing plaintiffs' complaint for lack of subject matter jurisdiction, finding that "the inclusion of defendant USAA makes . . .

4

diversity impossible").

Lastly, plaintiffs' argument that jurisdiction exists because USAA "has failed to come forward with sufficient evidence or argument to controvert [p]laintiffs' jurisdictional allegations," (Dkt. No. 19 at 10), is unavailing, because it is plaintiffs, not defendants, who bear the burden of establishing diversity jurisdiction, *see Makarova*, 201 F.3d at 113, and they have failed to do so.[1]

Accordingly, it is hereby

**ORDERED** that USAA's motion to dismiss (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Peters' and Auto-Owner's motions to dismiss (Dkt. Nos. 10, 14) are **DENIED** for want of jurisdiction; and it is further

**ORDERED** that plaintiffs' complaint (Dkt. No. 1) is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk close this case; and it is further

---

[1] Notably, but unimportantly, plaintiffs' arguments, made in an affidavit, are in violation of Local Rule 7.1(a)(2)'s proscription against affidavits containing legal arguments.  *See* N.D.N.Y. L.R. 7.1(a)(2) ("An affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports"); *Topliff v. Wal-Mart Stores East LP*, No. 6:04-CV-0297, 2007 WL 911891, *23 (N.D.N.Y. Mar. 22, 2007) ("[T]o the extent that [p]laintiff's counsel is attempting to present arguments in refutation of the arguments advanced by [d]efendant . . . , the place for those arguments is in [p]laintiff's opposition memorandum of law." (citation omitted)).

5

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 7, 2020
Albany, New York

*Gary L. Sharpe*
U.S. District Judge